IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN ELBERT HESTER                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:10cv72-DPJ-FKB

WEXFORD HEALTH SERVICES, et al.                                     DEFENDANTS


REPORT AND RECOMMENDATION


John Elbert Hester is a state inmate housed at Central Mississippi Correctional

Facility (CMCF).   Plaintiff brought this civil action pursuant to section 1983 against

various health care providers at the prison alleging that he was denied medical attention

for leg and hip pain.  Presently before the court is Defendants' motion to dismiss.  Plaintiff

has not responded to the motion.  Having considered the motion, the undersigned

recommends that it be granted and this action be dismissed without prejudice.

In support of their motion, Defendants argue that the complaint should be

dismissed because Plaintiff has failed to exhaust his administrative remedies.  The

applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e),

requires that an inmate bringing a civil rights action in federal court first exhaust his

administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion

requirement "applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516,

532 (2002).

The Mississippi Department of Corrections administrative remedies program

consists of a three-step process.  When a prisoner files a grievance, prison officials

respond with a response (step one).  If this response is unfavorable, the prisoner has five days in which to appeal by filing his "second step."  If the second step response is unfavorable, he may make a final appeal by submitting a "third step" request.   As evidence of Plaintiff's failure to exhaust his remedies, Defendants have submitted the affidavit of James Thames, the custodian of the Administrative Remedies Program (ARP) records at CMCF.  According to Mr. Thames and the attached records, Plaintiff filed an ARP grievance concerning the complaints which are the subject of his present lawsuit.  The grievance was denied at step one, Plaintiff appealed, and his grievance was again denied at step two.  Mr. Thames states in his affidavit that Plaintiff failed to appeal to step three, the final step in the ARP process, and his grievance was closed at step two.

A prisoner must pursue his available administrative remedies to their conclusion in order to meet the PLRA's exhaustion requirement.  *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  Plaintiff failed to meet the exhaustion requirement when he failed to pursue his grievance through all three steps.  For this reason, the undersigned recommends that his complaint be dismissed without prejudice.

 The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C.

§636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v.

United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 16th day of September, 2010.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE